In the United States District Court
Eastern District of Texas
Plano Division

| | | |
|---|---|---|
| Azania Abebe | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-000682-ALM |
| | § | Jury Demanded |
| | § | |
| Yum! Brands, Inc. and Yum! Restaurant Services Group, LLC | § | |
| | § | |
| | § | |
| Defendants | § | |

**Plaintiff's Motion for Leave to Amend Complaint**

Plaintiff Azania Abebe ("Abebe") moves for Leave to Amend his Original Complaint and shows:

**Summary of Argument**

Abebe's lawsuit asserts race and national origin discrimination and retaliation claims. When Abebe filed his lawsuit, his second EEOC Charge was pending. Abebe advised the Court in his Original Complaint that he would seek leave to amend his Complaint after he had exhausted his administrative remedies. (Dkt. #1, ¶ 82).

The Court has not yet entered a Scheduling Order setting forth a deadline for Plaintiff to move for Leave to Amend because Yum! moved to compel this case

to arbitration. On August 21, 2024, the Court ordered that a jury trial be held on the issue of arbitrability. (Dkt. #46).

The EEOC issued a Dismissal and Notice of Rights to Abebe on the second Charge on September 13, 2024. Abebe now seeks leave to amend his Complaint to add the factual allegation and legal claims arising from his second Charge of Discrimination, filed in July 2023 after he was fired.

**Factual Background**

Plaintiff Azania Abebe sued on July 26, 2023. (Dkt. #1). In his Original Complaint, Plaintiff advised the Court he had filed a second Charge of Discrimination with the EEOC after he was terminated, and that this second Charge was pending. (Dkt. #1, ¶ 82).

The Court has not yet issued a Scheduling Order. Defendants have not yet filed an Answer. Instead of an Answer, Defendants asked the court to compel this case to arbitration and to stay the litigation. (Dkt. #13). On August 21, 2024, the Court denied Defendants' request and ordered a jury trial as to whether Abebe agreed to arbitrate his claims. (Dkt. #46).

On September 13, 2024, the EEOC issued its Dismissal and Notice of Rights to Abebe on this second Charge of Discrimination. **Exhibit 2.**

Abebe now has 90 days from that date to sue on the claims related to his second Charge of Discrimination. Abebe is timely filing this Motion for Leave to

Amend the Complaint to add the facts and legal allegations relevant to his second Charge of Discrimination. A copy of Abebe's proposed First Amended Complaint is attached as **Exhibit 1**.

Counsel conferred regarding this Motion. Defendants are opposed to the relief sought by the Motion for Leave to Amend because Defendants contend that the claims are covered by an Arbitration Agreement and should be brought only in arbitration.

**Arguments and Authorities**

After the time for amending automatically has passed, a party may amend its pleadings only with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Leave to amend shall be freely given when justice so requires and should be granted absent justification for refusal. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003). The decision to grant leave to amend is left to the discretion of the district court. *Id.* at 387. The language of Rule 15(a) evinces a bias in favor of granting leave to amend, and a district court must have a substantial reason to deny a request. *SGIC Strategic Global Investment Capital, Inc. v. Burger King Europe GMBH*, 839 F.3d 422, 426 (5th Cir. 2016).

Though granting leave to amend is not automatic, the district court may consider factors such as (1) undue delay, (2) bad faith or dilatory motive by the moving party, (3) repeated failure to cure deficiencies by amendments previously

allowed, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). Without these factors, the court should grant a party leave to amend. *Smith*, 393 F.3d at 595.

Moreover, when a party moves to amend by the court-ordered deadline, there is a presumption of timeliness. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Republic Title of Texas, Inc. v. First Republic Title, LLC*, 2015 WL 11120994 (N.D. Tex. Aug. 10, 2015). By this standard, Abebe's motion is timely. Abebe seeks leave to amend his complaint to add the additional facts and claims related to his second Charge of Discrimination even *before* the Court has imposed a deadline for him to seek this relief.

None of the *Smith* factors would justify denial of Abebe's motion for leave to amend—particularly since Abebe files this motion *before* the deadline for seeking leave to amend and before the deadline for completion of discovery:

*(1) Abebe has not unduly delayed in seeking to amend his Complaint.*

Abebe received the EEOC Dismissal and Notice of Right to Sue on September 13, 2024, and has timely filed this motion.

*(2) Abebe has no bad faith or dilatory motive in seeking this amendment.* As he expressly stated from the outset of this litigation, he seeks to timely amend his Complaint to include all related claims in one action.

*(3) This would be the first amendment of the Complaint.*

Abebe has not repeatedly failed to cure any deficiencies by previous amendments.

(4) *There is no undue prejudice to Yum! by this Amendment.*

The parties have not yet begun the discovery process. Though Yum! contends these claims should be adjudicated in arbitration, Yum! has made it clear that it will be filing another motion to compel arbitration pending the results of the jury trial on the arbitrability issue.

Under the circumstances, it makes sense for all of Abebe's claims to be asserted in one lawsuit. If the Motion for Leave to Amend is not granted, Abebe will have no choice but to file a second lawsuit asserting the claims related to his second Charge of Discrimination. Abebe must do so before December 12, 2024, to meet his statutory deadline to assert these claims.

(5) *Abebe's amendment would not be futile.*

Abebe seeks to add the additional discrimination and retaliation claims stemming from acts occurring after Abebe filed his original Charge of Discrimination and as referred to in his Original Complaint. Abebe could not include those claims at the time he filed his Original Complaint because he had not yet received his Dismissal and Notice of Right to Sue from the EEOC.

Under these circumstances, Abebe has established good cause for obtaining leave to amend his Complaint.

**Conclusion**

Abebe seeks leave to amend his Complaint before the Court has imposed a deadline for him to do so. None of the factors that would weigh against allowing Abebe leave to amend apply. Thus, this Court should grant Abebe leave to file his First Amended Complaint.

Wherefore, Plaintiff Azania Abebe prays this Court grant him leave to file his First Amended Complaint and for such other and further relief to which he is entitled.

Respectfully submitted,

/s/ Karen K. Fitzgerald
Karen K. Fitzgerald
State Bar No. 11656750
Fitzgerald Law, PLLC
8150 N. Central Expy, 10th Floor
Dallas TX 75206
214.265.9958 (direct dial)
214.367.6001 (fax)
karen@fitzgerald.law

Corinna Chandler
State Bar No. 24061272
Chandler Law, P.C.
12377 Merit Drive, Suite 880
Dallas, TX 75251
972-863-9063
chandler@chandlerlawpc.com

Attorneys for Plaintiff

**Certificate of Conference**

On September 26 and 30, 2024, the undersigned conferred with Melissa Hensley, counsel for Defendant, on the merits of this motion via email. Ms. Hensley advised me that Defendants oppose the motion because the Defendants believe the claims are covered by Mr. Abebe's arbitration agreement and should be brought only in arbitration.

*/s/ Karen K. Fitzgerald*
Karen K. Fitzgerald

**Certificate of Service**

I certify that on October 14, 2024, I electronically filed the foregoing using the Court's ECF system. The ECF system sent a "Notice of Electronic Filing" to the individuals who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Karen K. Fitzgerald*
Karen K. Fitzgerald