# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| AZANIA ABEBE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-682 |
| | § | Judge Mazzant |
| YUM! BRANDS, INC. AND YUM! | § | |
| RESTAURANT SERVICES GROUP, | § | |
| LLC, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to Amend Complaint (Dkt. #52). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **DENIED.**

Additionally, pending before the Court is Defendants' Motion for Clarification on its Deadline for Filing its Responsive Pleading and Deadlines for Fed. R. Civ. P. Obligations (Dkt. #48). Having considered the Motion, the relevant pleadings, and the applicable law, the Court **GRANTS** the Motion and clarifies as set forth below.

## BACKGROUND

Plaintiff Azania Abebe is a former employee of Yum! Restaurant Services Group, LLC (Dkt. #13 at p. 2). This case arises out of Abebe's termination from his employment on June 15, 2023 (Dkt. #1 at ¶ 8). On July 26, 2023, Abebe filed a Complaint against Yum! Restaurant Services Group, LLC and Yum! Brands, Inc. (collectively "Yum!") (Dkt. #1). In his Complaint, Abebe asserts that Yum! discriminated against him during his employment by "subjecting him to

disparate terms and conditions in the workplace as compared to Caucasian employees" (Dkt. #1 at ¶¶ 84–119). Abebe contends that, in response to that treatment, he filed internal complaints alleging race and national origin discrimination (Dkt. #1 at ¶ 5). According to Abebe, Yum! terminated him in retaliation for filing his internal complaints (Dkt. #1 at ¶ 6). Abebe brings claims for race and national origin discrimination and retaliation under 42 U.S.C. § 1981, Title VII, and Texas Labor Code Chapter 21 (Dkt. #1 at ¶ 10).

The present dispute, however, concerns the validity of an arbitration agreement that Abebe allegedly executed with Yum! on October 15, 2015 (Dkt. #13 at p. 2). Yum! insists that the agreement is valid and, thus, Abebe is required to pursue his claims through arbitration (Dkt. #13 at p. 2). Therefore, in lieu of filing an answer, Yum! filed a Motion to Compel Arbitration on September 12, 2023 (Dkt. #13). To date, Yum! has not answered Abebe's Complaint. While the Motion to Compel was pending, on November 17, 2023, the Court granted a Joint Motion to Stay Obligations of Fed. R. Civ. P. 26 Pending a Ruling on Defendants' Motion to Compel Arbitration (Dkt. #40). On August 21, 2024, the Court entered an Order denying Yum!'s Motion to Compel Arbitration and ordering arbitral discovery and a jury trial regarding the validity of the arbitration agreement (Dkt. #46).

Separately, on October 14, 2024, Abebe filed his Motion for Leave to Amend Complaint (Dkt. #52). Abebe seeks to amend his Original Complaint to "add the factual allegation[s] and legal claims arising from" a second charge of discrimination that he filed with the Equal Employment Opportunity Commission ("EEOC") (Dkt. #52 at p. 2). Abebe informed the Court of the pendency of the second EEOC charge in his Original Complaint (Dkt. #1 at ¶¶ 9, 82). On October 28, 2024, Yum! filed a Response in Opposition to Abebe's Motion to Amend Complaint (Dkt.

#54). On November 4, 2024, Abebe filed his Reply (Dkt. #55). The Court has not yet entered a Scheduling Order setting the deadline for the parties' final amended pleadings.

## LEGAL STANDARD

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013). Rule 15(a) governs a party's request to amend its pleading before a scheduling order's deadline to amend passes. *See id.* Rule 16(b)(4) governs a party's request to amend its pleading after the deadline to amend passes. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the Court to "freely give leave when justice so requires." *Id.* The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated

failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b)(4) provides that a scheduling order issued by the Court "may be modified only for good cause and with the judge's consent." *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067-DAE, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017) (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012) ("a party seeking leave to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension.")). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C.*, 315 F.3d at 535 (quoting 6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Only after the movant demonstrates good cause under Rule 16(b)(4) does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend. *Id.*

## ANALYSIS

The procedural history of this case that prompted the Motion at bar is complex. In deciding the instant Motion, the Court must answer two questions. First, the Court must determine whether a plaintiff may amend its complaint after a defendant moves to compel arbitration instead of filing an answer. Second, the Court must assess whether its previous Order that a jury should

determine the validity of an arbitration agreement constitutes a decision on the merits triggering other litigation deadlines. The Court analyzes both issues in turn. In short, as Section I demonstrates, the answer to the first question posed is yes. *See infra* Section I. As set forth in Section II, the answer to the latter question is no. *See infra* Section II.

## I.    Motion for Leave to Amend Complaint

Abebe requests leave to amend his Complaint "to add the facts and legal allegations relevant to his second Charge of Discrimination" after exhausting his administrative remedies with the EEOC (Dkt. # 52 at p. 3). Abebe contends that leave is proper because none of the *Smith* factors justify denial of leave (Dkt. #52 at p. 4). While the Court agrees that Abebe can properly amend his Complaint, the Court need not address the *Smith* factors because the Federal Rules of Civil Procedure do not require Abebe to seek leave in the first place.

In his Original Complaint, Abebe notified the Court that he had brought a second charge of discrimination that was pending before the EEOC (Dkt. #1 at ¶ 82). In doing so, he informed the Court that he would ask for the right to sue on the second charge after the EEOC issued its decision (Dkt. #1 at ¶ 82). The EEOC issued a Dismissal and Notice of Rights on September 13, 2024, giving Abebe ninety days from that date to sue on the claims related to the second charge (Dkt. #52-2). Noncompliance with the ninety-day requirement forfeits the right to sue based on the charge (Dkt. #52-2). Accordingly, Abebe filed this Motion on October 14, 2024—well within the ninety-day period required by the EEOC (Dkt. #52-2).

Yum! challenges Abebe's ability to amend his Complaint by repeating the same arguments it made in its Motion to Compel Arbitration (Dkt. #13; Dkt. #54). Namely, Yum! argues that it "must oppose the addition of any new claims covered by the parties' Arbitration Agreement"

(Dkt. #54 at p. 2). Whether this matter properly belongs in arbitration is a question for another day. It is also not a question for the Court, but one for the jury (Dkt. #46 at p. 16) (ordering a jury trial on the validity of the arbitration agreement). But if the Court denies Abebe leave to amend on that basis, he will have no other choice than to file a second lawsuit on the second discrimination claim before the ninety-day deadline expires (*See* Dkt. #55 at p. 2). In turn, Yum! would undoubtedly respond to that later-filed lawsuit with another motion to compel arbitration, forcing the Court to order a second jury trial on the validity of the arbitration agreement. Thus, vast judicial resources and litigation expenses would be spent just to return the parties to the same position in which they now find themselves. And if the sixteen months that this case has been pending without any progress are any indication, those expenses would be substantial. The Court declines to delay this case any longer by requiring Abebe to file a separate lawsuit on his second discrimination claim.

Because the Court has not entered a Scheduling Order to govern the applicable deadlines in this action, Abebe's amendment is governed by Rule 15(a). *See Tex. Indigenous Council*, 544 F. App'x. at 420. Rule 15(a) permits a party to freely amend once without leave of court at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). Here, Yum! elected to file a motion to compel arbitration instead of answering Abebe's complaint (Dkt. #13). "The Federal Rules make clear, however, that [a] Motion to Compel Arbitration does not constitute a responsive pleading for purposes of Rule 15(a)." *Stockade Cos., LLC v. Kelly Rest. Grp., LLC*, No. 1:17-CV-143-RP, 2017 WL 2635285, at *1 (W.D. Tex. June 19, 2017) (internal citations omitted). Indeed, "a motion is not a 'pleading' as defined in Rule 7." FED. R. CIV. P. 15 Cmte. Notes. Consequently, Abebe can freely amend without leave of Court because Yum! has not yet responded to his Original Complaint.

## II.    Motion for Clarification

Following the Court's Order denying Yum!'s Motion to Compel Arbitration (Dkt. #46),

Yum! requests clarification on the following three issues:

(1) Whether the Court's Order Denying Yum!'s Motion to Compel Arbitration (Dkt. #46) constituted a judgment on the merits;

(2) Whether Yum! is required to file a responsive pleading under Federal Rule of Civil Procedure 12;

(3) Whether the Court's Order Denying Yum!'s Motion to Compel Arbitration (Dkt. #46) triggered the deadlines outlined in the Court's previous Order (Dkt. #40) as they relate to Abebe's substantive allegations.

(Dkt. #48 at pp. 5–6).

### A.    Did the Court deny Yum!'s Motion to Compel Arbitration on the merits?

Yum!'s first question should need no clarification as its answer is readily apparent from the

Court's prior Order (*See* Dkt. #46). But Defendant sought clarification from the Court, and for its

convenience, the Court will clarify and can do so easily. The Court denied Yum!'s Motion to

Compel Arbitration because "Abebe has raised a genuine issue of material fact as to the validity of

the Arbitration Agreement" (Dkt. #46 at p. 14). In doing so, the Court ordered a jury trial on the

issue of whether the arbitration agreement is valid (Dkt. #46 at pp. 14–16). Thus, the Court has yet

to (and will not) reach the merits. The jury will decide the merits, not the Court.

### B.    Is Yum! required to file a responsive pleading?

Yum!'s second request for clarification requires more analysis. The issue is whether the

Court's denial of Yum!'s Motion to Compel Arbitration (Dkt. #46) requires Yum! to file a

responsive pleading (Dkt. #48 at pp. 5–6). The answer is no.

The right to arbitrate a dispute is subject to waiver. *Nicholas v. KBR, Inc.*, 565 F.3d 904,

907–08 (5th Cir. 2009) (citing *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th

Cir. 1986)). Though courts generally presume that a party has not waived its right to arbitrate a dispute, "[w]aiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Miller*, 781 F.2d at 497. A party may waive their right to arbitrate when it takes "some overt act in Court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 484 (5th Cir. 2002).

Out of a well-founded concern that it might take some "overt act" that would indicate an intent to "substantially invoke the judicial process to the detriment or prejudice of [Abebe]" and thereby waive its right to arbitrate, Yum! seeks to avoid filing an answer (*See* Dkt. #48 at pp. 4–5). At least, it wishes to avoid answering unless and until the jury returns a verdict on the validity of the arbitration agreement (*See* Dkt. #48 at pp. 4–5). That position makes sense, as most courts hold that filing an answer constitutes a waiver because, by answering, a party avails itself of the litigation process. *See, e.g.*, *HTC Corp v. Telefonaktiebolaget LM Ericsson*, No. 6:18-CV-00243-JRG, 2019 WL 277479, at *3 (E.D. Tex. Jan. 22, 2019) (citing *Janvey v. Alguire*, 847 F.3d 231, 243 (5th Cir. 2017) (noting that "invoking the judicial process" includes "filing an answer and counterclaims")). Thus, Yum!'s position is rooted in precedent, and its point is well-taken. But Yum! has preserved its right to arbitrate by filing a motion to compel arbitration and, based on its conduct thus far, the Court does not believe that Yum! has waived its right to arbitrate. Accordingly, the Court agrees with Yum!'s position and concludes that it need not file an answer at this stage.

Any other conclusion also does not make logical sense and would erode the utility of alternative dispute resolution, which federal courts encourage. "One of the primary goals of arbitration is to avoid the expense of litigation." *Nicholas*, 565 F.3d at 907 (citing *Price v. Drexel*

*Burnham Lambert, Inc.*, 791 F.2d 1156, 1158 (5th Cir. 1986)). Requiring Yum! to file a responsive pleading at this stage—before determining whether the case needs to be litigated at all—would undermine that goal. It does not follow for the Court to put the proverbial cart before the horse by requiring Yum! to engage in the merits of the litigation until the jury determines the validity of the arbitration agreement. Hence, Yum! need not file a responsive pleading unless and until the jury determines that the arbitration agreement is invalid.

### C.    Have the deadlines outlined in the Court's order staying obligations of Fed. R. Civ. P. 26 (Dkt. #40) been triggered?

Finally, Yum! asks the Court to clarify how the Court's Order denying Yum!'s Motion to Compel Arbitration (Dkt. #46) affects the deadlines outlined in the Court's Order Granting Joint Motion to Stay Obligations of Fed. R. Civ. P. 26 Pending a Ruling on Defendants' Motion to Compel Arbitration (Dkt. #40). In its Order, the Court set the following deadlines to apply in the event Yum!'s Motion to Compel Arbitration was denied:

- Rule 26(f) Conference: To be held within 21 days of the Court's Order;
- Filing of the Proposed Discovery Plan: Within 14 days of the Rule 26(f) Conference;
- Initial Disclosures: Within 14 days of the Rule 26(f) Conference.

(Dkt. #40).

Yum! maintains that the foregoing deadlines "are not triggered unless and until the Court denies Yum!'s resubmitted Motion to Compel Arbitration [] *on the merits*," following the jury trial on the validity of the arbitration agreement (Dkt. #48 at p. 5) (emphasis added). The Court agrees. As explained in the previous Section, *see supra* Section II.B, the Court has not addressed the merits of Yum!'s Motion to Compel Arbitration. Indeed, the Court determined that question is properly resolved by a jury trial (*See* Dkt. #46). Accordingly, just as the Court made Yum!'s obligation to

answer Abebe's Complaint contingent on a jury finding that the arbitration agreement is invalid, the Court will do the same with these deadlines. Thus, in the event that the jury determines that the arbitration agreement is unenforceable, the following deadlines apply:

- Rule 26(f) Conference: To be held within 21 days of the Court's entry of judgment on the jury's verdict regarding the validity of the arbitration agreement;
- Filing of the Proposed Discovery Plan: Within 14 days of the Rule 26(f) Conference;
- Initial Disclosures: Within 14 days of the Rule 26(f) Conference.

Any deadlines the Court previously ordered the parties to comply with remain unaltered by this Order. This Order only concerns the foregoing deadlines.

## CONCLUSION

Abebe's Motion for Leave to Amend Complaint (Dkt. #52) is **DENIED** to the extent it seeks leave of Court, because leave is not necessary. Rule 15(a)(1)(B) permitted Abebe to freely amend his Complaint without seeking leave of Court. Therefore, Abebe's First Amended Complaint (Dkt. #53) is deemed filed.

Additionally, Defendants' Motion for Clarification on its Deadline for Filing its Responsive Pleading and Deadlines for Fed. R. Civ. P. Obligations (Dkt. #48) is **GRANTED.** The Court orders that, should the jury return a verdict that the arbitration agreement is not enforceable, the above-referenced deadlines shall apply.

**IT IS SO ORDERED.**
 **SIGNED this 3rd day of December, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE